**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-6269

LACY LEE MELVIN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-89-391-JFM)

Submitted: July 30, 1999

Decided: August 19, 1999

Before WILKINS, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lacy Lee Melvin, Appellant Pro Se. Andrea L. Smith, OFFICE OF
THE UNITED STATES ATTORNEY, Baltimore, Maryland; John
Vincent Geise, OFFICE OF THE UNITED STATES ATTORNEY,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lacey Lee Melvin appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (1994) motion for resentencing. We affirm.

Melvin was convicted in 1990 of conspiracy to possess with intent to distribute heroin and cocaine and distribution of cocaine. He was sentenced to 188 months in prison. In United States v. Arrington, No. 90-5384 (4th Cir. Nov. 23, 1992) (unpublished), we affirmed his convictions and sentence.

In his motion for resentencing, Melvin argued that Amendment 439 to the United States Sentencing Guidelines (1998) should apply retroactively to him. See USSG § 1B1.10, p.s. "Amendment 439 revised . . . [USSG] § 1B1.3 . . . to provide that a defendant will be held accountable for the conduct of others only when the conduct was reasonably foreseeable." United States v. Campbell, 168 F.3d 263, 269 (6th Cir. 1999).

The Amendment is a clarifying amendment. See id. ; United States v. Drath, 89 F.3d 216, 217 (5th Cir. 1996); United States v. Lambert, 995 F.2d 1006, 1009 n.3 (10th Cir. 1993). In this circuit, a clarifying amendment applies retroactively only when it goes into effect before sentencing (when an earlier version of the guidelines is used) or when the amendment takes effect while the defendant's appeal is pending. See United States v. Capers, 61 F.3d 1100, 1109 (4th Cir. 1995). Here, Amendment 439 went into effect on November 1, 1992, during the pendency of Melvin's appeal. Under Capers , Amendment 439 should apply retroactively to Melvin.

However, application of the Amendment to Melvin has no practical effect in this case. The commentary to USSG § 1B1.3 prior to its amendment made clear that a defendant could be held accountable

2

only for conduct that was reasonably foreseeable to him. <u>See</u> USSG § 1B1.3, comment. (n.1) (1990). Amendment 439 simply moved the requirement of reasonable foreseeability from the commentary to the guideline itself. Because Melvin was properly sentenced for reasonably foreseeable conduct, we affirm the denial of his motion for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3