16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Craig WILSON, Defendant-Appellant.
 No. 93-6145.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 16, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Christopher Craig Wilson appeals from the sentence imposed following his guilty plea to conspiracy to counterfeit U.S. Bank notes in violation of 18U.S.C.371.
 
 
 3
 Wilson contends it was error to apply U.S.S.G.2B5.1(b)(2) to increase his base offense level. We affirm.
 
 BACKGROUND
 
 4
 In November, 1992, Wilson and three codefendants, Travis Bray Jessie Hurst, and Robert Stone, conspired to counterfeit and distribute Federal Reserve Notes (FRN). The conspirators produced an FRN image with a computer scanner, perfected the image by drawing details with a mouse, then printed the counterfeit bills with an ink jet printer. Hurst and Stone owned the original computer equipment; Bray and Stone paid for the scanner. On November 30, an informant contacted Bray and said she wanted to buy counterfeit currency. After several meetings, Bray and the informant arranged an exchange. When Wilson and Bray arrived with the counterfeit FRNs, they were arrested.
 
 DISCUSSION
 
 5
 We review factual findings made at sentencing under a clearly erroneous standard, but we review the legal interpretation of the guidelines de novo. United States v. Lambert, 995 F.2d 1006, 1008 (10th Cir.), cert. denied, 114 S.Ct. 333 (1993).
 
 
 6
 The base offense level for counterfeiting United States currency is nine. U.S.S.G. 2B5.1(a). Since the face value of the counterfeit items was $11,500.00, the district court added three levels pursuant to sections 2B5.1(b)(1) and 2F1.1. Finding that Wilson's participation in the conspiracy included manufacturing and producing, as well as possession, custody, or control over a counterfeiting device or materials, the district court applied section 2B5.1(b)(2) to increase his offense level to 15.
 
 
 7
 At sentencing Wilson admitted that he was present when the others produced the counterfeit FRNs. However, he argued section 2B5.1(b)(2) should not apply since he never participated in the actual production, and his role in the conspiracy was limited to distribution. The district court properly rejected this argument, because the sentencing guidelines impute to Wilson "all reasonably foreseeable acts ... of others in furtherance of ... jointly undertaken criminal activity." U.S.S.G. 1B1.3(a)(1)(B).
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470