119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John D. JAKOVICH, Defendant-Appellant.
 No. 96-30300.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1997.**
Filed July 16, 1997.
 
 Appeal from the United States District Court for the District of Oregon, D.C. No. CR-96-0072-01-ALH; Ancer L. Haggerty, District Judge, Presiding.
 Before FERGUSON, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John D. Jakovich appeals from sentence following his guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). He argues that he should not have received a two-level enhancement because he never made an express threat of death within the meaning of U.S.S.G. § 2B3.1(b)(2)(F), and that our decision in United States v. France, 57 F.3d 865 (9th Cir.1995), is incorrect and should be reheard en banc.[1] We affirm.
 
 
 3
 Jakovich does not contend that he never made the statement "There is a bomb in this bag. I'm very nervous and this is set to go off. You've got about 20 seconds." Nor does he argue that the district court misapplied controlling Ninth Circuit authority. He concedes that his statement "I have a bomb" is no different from the statement in France, "I have dynamite." Instead, he argues that France was wrongly decided, and urges us to follow the Sixth and Eleventh Circuits, which require a more explicit death threat to be made in order for a § 2B3.1(b)(2)(F) enhancement to apply.[2] However, as Jakovich acknowledges, absent a contrary conclusion by this court sitting en banc, France is dispositive of this case. Given France and the undisputed facts, the district court did not err in applying a two-level adjustment in accordance with § 2B3.1(b)(2)(F).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 No active judge having requested a vote on Jakovich's suggestion to hear the case initially en banc, the case was assigned to this panel. See Circuit Advisory Committee Note 3 to 9th Cir.R. 35-1 to 35-3; United States Court of Appeals for the Ninth Circuit General Order 5.2.a. Jakovich may, of course, suggest that the court rehear the case en banc pursuant to Fed.R.App.P. 35(b) & (c)
 
 
 [2]
 See, e.g., United States v. Alexander, 88 F.3d 427 (6th Cir.1996); United States v. Moore, 6 F.3d 715 (11th Cir.1993). But see United States v. Figueroa, 105 F.3d 874 (3d Cir.), cert. denied, 117 S.Ct. 1860 (1997); United States v. Robinson, 86 F.3d 1197, 1200 (D.C.Cir.1996); United States v. Murray, 65 F.3d 1161, 1167 (4th Cir.1995); United States v. Hunn, 24 F.3d 994, 997 (7th Cir.1994); United States v. Lambert, 995 F.2d 1006 (10th Cir.), cert. denied, 510 U.S. 926 (1993); United States v. Smith, 973 F.2d 1374, 1375 (8th Cir.1992) (all in accord with France ). On May 14, 1997, the United States Sentencing Commission submitted to Congress an amendment, effective November 1, 1997, deleting the term "express" from § 2B3.1(b)(2)(F) in order to resolve the circuit split on this issue. See Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, 62 Fed.Reg. 26616, 26621 (1997) (amending U.S.S.G. § 2B3.1(b)(2)(F) and commentary)