UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4068

TERRY DENNARD MCNEAIR,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
Frank W. Bullock, Jr., Chief District Judge.
(CR-96-70)

Submitted: March 17, 1998

Decided: April 6, 1998

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Paul A. Weinman, Assistant United States Attorney, Winston-Salem,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Terry Dennard McNeair appeals his conviction of possession with intent to distribute crack cocaine. <u>See</u> 21 U.S.C. § 841(a)(1) (1994). A jury convicted McNeair for assisting his brother during a sale of 201 grams of crack cocaine to an undercover agent. Although his brother pled guilty, McNeair went to trial. At trial, McNeair generally concurred with the Government's version of the events leading up to his arrest, but nonetheless protested his innocence. McNeair claimed that he did not know his brother had enlisted his help in conducting a drug transaction. The jury convicted McNeair for his role in the transaction and the district court sentenced him to 360 months in prison.

In this appeal, McNeair first assigns error to the district court's admission into evidence of a broken antenna. Arresting officers found the antenna in McNeair's shoe during the arrest. In suggesting that the district court abused its discretion in admitting the evidence, McNeair contends that it was inadmissible evidence of prior bad acts under Fed. R. Evid. 404(b) and that it was more prejudicial than probative. <u>See</u> Fed. R. Evid. 403. McNeair also contends that the district court erred in denying his Fed. R. Crim. P. 29 motion for acquittal because the Government failed to prove McNeair knew that his brother was conducting a drug transaction. Finally, McNeair suggests that the Government failed to prove at sentencing that the controlled substance was crack cocaine as opposed to merely cocaine base. Because we find no merit to these contentions, we affirm the conviction and sentence.

The evidence at trial showed that McNeair rode along in his brother's car when his brother received a page from an undercover agent. McNeair then waited in the car while his brother made the phone calls to the agent and to a supplier who could provide crack cocaine. McNeair accompanied his brother to the supplier's residence and again waited in the car while his brother obtained the drugs for the transaction. The brother returned to the car with the drugs and a digital scale in a Crown Royal bag.

2

When they arrived at the designated site for the transaction, a shopping center parking lot, McNeair and his brother drove around the lot once, and McNeair got out of the car with the bag containing the drugs. McNeair waited away from the car and watched while his brother determined that the agent was serious about purchasing the crack cocaine. When he was satisfied, McNeair's brother signaled to McNeair who returned to the car carrying the cocaine. McNeair sat in the back seat while his brother and the undercover agent concluded negotiations for the transaction; at the conclusion of the negotiations McNeair handed the bag containing the drugs to his brother.

Just after McNeair's brother consummated the transaction with the undercover agent, back-up units moved in to arrest McNeair, his brother, and the agent. In the search pursuant to McNeair's arrest, the arresting officer found a piece of antennae which looked as though it had been broken off of an automobile or a radio. The district court admitted the antenna into evidence over McNeair's objection. The officer testified that broken antenna like the one McNeair had in his possession are often used as pipes for smoking crack cocaine. Because of this connection, McNeair contends that the antenna was inadmissible evidence of prior bad acts and more prejudicial than probative.

In response, the Government suggests that the antenna was intrinsic to the offense and therefore admissible. Where evidence "is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible." United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). Evidence is intrinsic when it is a "`part of a single criminal episode.'" Id. (quoting United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993)). The antenna was a part of the criminal episode at issue here. McNeair had the antenna on his person during the entire transaction. The antenna was the fruit of the search incident to McNeair's arrest. As a result, it became a part of the criminal episode and was intrinsic evidence not governed by Fed. R. Evid. 404(b). Because it was admitted to contradict McNeair's claim that he was unaware of the nature of the transaction his brother was conducting and not solely to demonstrate bad character, the antenna was properly admissible. See Chin, 83 F.3d at 88.

Even assuming the broken antenna was "extrinsic" as opposed to "intrinsic" evidence based on the fact the antenna was better evidence

3

of McNeair's crack cocaine use than his involvement in crack cocaine distribution, there was no error in admitting the evidence. The district court has broad discretion regarding the admission of evidence under Fed. R. Evid. 404(b) and this court will not disturb the exercise of the district court's discretion unless the ruling was "'arbitrary or irrational.'" United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995) (quoting United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990)). An abuse of the district court's discretion occurs when the court either fails to take into account judicially recognized factors constraining the exercise of its discretion or relies on erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). McNeair makes no suggestion of error of this magnitude.

Rule 404(b) is a rule of inclusion. See United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996), cert. denied , 65 U.S.L.W. 3781 (U.S., May 27, 1997) (No. 96-752). The rule itself specifies that evidence of prior bad acts is generally admissible except when it is offered to prove "the character of a person in order to show action in conformity therewith." In a criminal trial, evidence of other bad acts

> becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the [other bad] act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997); see also United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988).

Here, presumably, the antenna was evidence that McNeair had at some point smoked crack cocaine. In this sense, the antenna was evidence of a prior bad act. However, it was also relevant to and proba-

4

tive of McNeair's knowledge of the contents of the bag and purpose of the transaction. This knowledge, or lack thereof, was a crucial element to McNeair's theory of the case rendering the evidence necessary to the Government's case. The evidence was certainly reliable, as it was discovered on McNeair's person. Moreover, the district court explicitly weighed the antenna's probative value against its prejudicial effect, concluding that the antenna was admissible. Although McNeair disagrees with the district court's conclusion, there is no suggestion on this record that the court abused its discretion, much less acted arbitrarily or irrationally. As a result, we decline McNeair's invitation to disturb the district court's evidentiary ruling.

McNeair next contends that the trial court erred when it denied his Fed. R. Crim. P. 29 motion for acquittal because the evidence was insufficient to support his conviction. Specifically, McNeair claims that the Government failed to prove that he knowingly possessed the crack cocaine in the bag. See United States v. Williams, 41 F.3d 192, 199 (4th Cir. 1994). This court will review the denial of Rule 29 motions to determine "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982); see also United States v. Stockton, 788 F.2d 210, 218 (4th Cir. 1986). In determining the issue of substantial evidence, this court neither weighs the evidence nor considers the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

McNeair was present when his brother contacted the undercover agent, obtained the crack cocaine from his supplier, and drove to meet the agent. In addition, McNeair got out of his brother's car with the crack cocaine and waited until his brother determined whether the agent was prepared for the transaction. At his brother's signal, McNeair returned to the car with the crack cocaine and handed the bag to his brother so that the drugs could be weighed out and the transaction consummated. Finally, the broken antenna that McNeair had in his possession is a common instrument for the ingestion of crack cocaine. In all respects, McNeair behaved like a knowing participant in the distribution of the controlled substance. As a result, we cannot conclude that the jury was unwarranted in finding that

5

McNeair was guilty beyond a reasonable doubt. See McCloskey, 682 F.2d at 473.

Finally, McNeair contends that the district court erred in overruling his objection to the identity of the controlled substance at issue in the case. He suggests on appeal that the Government failed to prove by a preponderance of the evidence that the substance was crack cocaine as opposed to merely some other cocaine base. See United States v. Ford, 88 F.3d 1350, 1367-68 (4th Cir.), cert. denied, 65 U.S.L.W. 3369 (U.S., Nov. 18, 1996) (No. 96-6379). In this case, there was no ambiguity with regard to the identity of the drugs at issue. Virtually every Government witness identified the substance as crack. The testimony of trained narcotics agents and chemists was sufficient to establish the identity of the controlled substance. See United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976).

Finding no merit to any of McNeair's contentions on appeal, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED