**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CHRISTOPHER ARMOUR, aka
Mason Larue,

      Defendant-Appellant.

04-3003
(D.C. No. 03-10079-01-WEB)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**PORFILIO**, Senior Circuit Judge.[**]

---

In a one-count indictment filed on May 7, 2003, in the United States

District Court for the District of Kansas, Christopher Armour ("defendant") was

charged with possession of more than 50 grams of cocaine base with an intent to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Neither party requested oral argument. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore submitted without oral argument.

distribute in violation of 21 U.S.C. § 841 and 18 U.S.C. §2. On October 1, 2003, defendant was found guilty of that charge by a jury. Defendant's post trial motions for new trial and judgment of acquittal were denied and on December 18, 2003, the defendant was sentenced to imprisonment for 240 months. Trial counsel represents the defendant in this appeal.

Limited background facts will place the matters raised on appeal in focus. In early 2002, the Hutchinson, Kansas Police Department initiated a drug trafficking investigation of a person named Kathy West ("West"). West was suspected of distributing crack cocaine on the streets of Hutchinson. During January 2002, Detective Harcrow of the Hutchinson Police Department observed West engaging in what he believed were street sales of crack. The detective had seen West in a blue 1978 Cadillac Seville being driven by an African-American male later determined to be the defendant. The Cadillac was registered in the name of "Larue Mason," an alias later determined to be used by the defendant.

In February 2002, Detective Harcrow again encountered the defendant in connection with his arrest of West. On that occasion, a yellow 1976 Cadillac was seized at the time of West's arrest, and that Cadillac was registered to the defendant, also under the name of "Larue Mason." Detective Harcrow testified that the defendant later signed a "property receipt" at the police station using the name "Larue Mason" when he reclaimed the vehicle from the police. The

2

property receipt contained an "innocent owner" warning advising the defendant that the car had been seized in connection with a narcotic investigation, and the waiver further went on to state that "I understand that should this property again be seized, I will waive any innocent owner as a defense." West was apparently released after her arrest.

On June 12, 2002, the Hutchinson Police were attempting to find West so that they could serve her with a federal warrant. Twice on that date, before serving the warrant, they observed West "doing transactions," on the street, that is, "people would go to her car, meet with her for 30 seconds, then she would drive off." She was driving a Pontiac Grand Am at this time. The officer stopped West and arrested her, recovering $1065 in cash from her purse and another $1500 in cash from a baby stroller in the car's trunk, and later found crack cocaine in her vagina.

Detectives later that same day obtained a search warrant for West's apartment at 901 E. 12th, Apt. 121. At about 9:25 p.m., having obtained a key for the apartment from West, the police executed the search warrant. In executing the search warrant, the police knocked loudly on the door of the apartment and shouted "Police Department, law enforcement, search warrant." No one responded and a few minutes later the officers opened the door with the key given them by West, where they were met by defendant. Detective Harcrow

3

immediately recognized the defendant as the same person he had encountered in January and February in connection with his investigation of West. The defendant again identified himself as "Larue Mason" and produced a Kansas ID bearing the name "Larue Edwards Mason." However, during the course of the search, officers found an Oklahoma drivers license bearing the name "Christopher Larue Armour" and the defendant's photograph thereon.

In the apartment the officers found crack cocaine and powdered cocaine. A Clinique cosmetics box was found on the floor of a bedroom closet and inside that box were 2 baggies containing a total of 78 grams of crack valued at about $4,500.00 and a set of digital scales. Fingerprints were later found on the Clinique box, and one of the prints found thereon belonged to the defendant.

On appeal, counsel contends that the district court erred in two particulars: (1) the district court erred in admitting Detective Harcrow's testimony concerning his two encounters with the defendant and West, occurring in January and February, 2002, and (2) the government's evidence was insufficient to show that the defendant "possessed" the cocaine found in West's apartment on June 12, 2002. We do not agree with either contention and therefore affirm.

Counsel argues that Detective Harcrow's testimony regarding his encounters with the defendant and West in January and February, 2002, did not meet the requirements of Fed. R. Evid. 404(b). The government's position is that

4

the evidence was not offered, or admitted, as 404(b) evidence, but was admissible as evidence "intrinsic to the crime charged," citing *U.S. v. O'Brien* 131 F.3d 1428, 1432 (10th Cir. 1997) ("It is well-settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged . . . when the evidence of the other act and the evidence of the crime charged are inextricably intertwined. . ."); *U.S. v. Lambert,* 995 F.2d 1006, 1007 (10th Cir. 1993) ("Other act evidence is intrinsic when the evidence of the other act and evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged. . ."); and *U.S. v. Record,* 873 F.2d 1363, 1372 n. 5 (10th Cir. 1989) ("An uncharged act may not be extrinsic if it was a part of the scheme for which a defendant is being prosecuted."). Under the described circumstances, the district court did not err in admitting Detective Harcrow's testimony regarding his encounters with the defendant in January and February, 2002.

Having determined that Detective Harcrow's testimony concerning his two encounters with West and the defendant occurring in January and February, 2002, were "intrinsic to the crime charged in the indictment," counsel's suggestion that there was a "fatal variance" between the evidence offered at trial and the crime charged in the indictment is unavailing. Defendant was charged with a crime committed on June 12, 2002. He was not charged with drug violations occurring

5

either in January or February, 2002.  Acts occurring on those dates were "intrinsic" to the acts occurring on June 12, 2002.  There was no variance between the charge and evidence adduced at trial.  Counsel's reliance on *U.S. v. Ailsworth,* 138 F.3d 843, 848 (10th Cir. 1998) is misplaced.  In that case, we stated that "a variance arises when the evidence adduced at trial establishes facts different from those alleged in an indictment."  That is not the present case.

Finally, the evidence, in our view, is sufficient to support the jury's verdict that the defendant was guilty of the crime charged in the indictment.  In this regard, the defendant was charged with "possession with an intent to distribute" cocaine on June 12, 2002, and, in that same count, he was also charged with "aiding and abetting" under 18 U.S.C. § 2.  When the defendant was arrested on June 12, 2002, in West's apartment, he was the only person in the apartment and his thumb print was found on the Clinique box containing the cocaine.  (At trial, the defendant called no witnesses, and elected to exercise his constitutional right not to testify.)  Suffice it to say, when all the evidence is considered, there was sufficient evidence to support the jury's determination that the defendant "possessed," perhaps along with others, the cocaine found in the Clinique box and that he, and others, namely West, intended to distribute the cocaine.  Certainly,

defendant, at the very least, aided and abetted West.

     Judgment affirmed.

                              ENTERED FOR THE COURT

                              Robert H. McWilliams
                              Senior Circuit Judge