**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-4512**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAKARAI JORDAN,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge. (CR-04-36-BEL)

───────────

Submitted:  February 28, 2006       Decided:  May 12, 2006

───────────

Before WILLIAMS, MICHAEL, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Robert W. Biddle, NATHANS & BIDDLE, L.L.P., Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Richard C. Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dakarai Jordan appeals his jury conviction for conspiracy to import ecstasy in violation of 21 U.S.C. § 952(a) (2000). We affirm.

Jordan contends the trial court erred in admitting his post arrest confession because it was involuntary. We review the district court's factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

"The test for determining whether a statement is voluntary under the Due Process Clause is whether the confession was extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." United States v. Braxton, 112 F.3d 777, 780 (4th Cir. 1997) (internal quotation marks omitted). The mere existence of coercive police activity does not render a confession involuntary. To find a confession involuntary, the police officers' conduct must be such that the defendant's will is "'overborne' or his 'capacity for self-determination is critically impaired.'" Id. at 780 (citation omitted). "[C]ourts must

consider 'the totality of the circumstances, including the characteristics of the defendant, the setting of the interview, and the details of the interrogation.'" Id. at 781 (citation omitted). Viewing the evidence in the light most favorable to the Government, we conclude that the district court properly admitted Jordan's post arrest statements.

Jordan also contends that the district court erred by admitting evidence of transactions with two drug customers known as "D" and "G." Jordan argues that since these transactions were uncharged, they were erroneously admitted at trial as bad acts under Fed. R. Evid. 404(b).

The district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion. See United States v. Leftenant, 341 F.3d 338, 342 (4th Cir. 2003). A district court will not be found to have abused its discretion unless its decision to admit evidence under Fed. R. Evid. 404(b) was arbitrary or irrational. United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990).

Rule 404(b) only applies to acts extrinsic to the crime charged. When testimony is admitted as to acts intrinsic to the crime charged and is not admitted solely to demonstrate bad character, it is admissible. United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). Acts are intrinsic when they are "inextricably intertwined or both acts are part of a single criminal episode or

the other acts were necessary preliminaries to the crime charged."
Id. (quoting United States v. Lambert, 995 F.2d 1006, 1007 (10th
Cir. 1993)).  Evidence of uncharged conduct is not considered
"other crimes" for Rule 404(b) purposes if it "arose out of the
same . . . series of transactions as the charged offense . . . or
if it is necessary to complete the story of the crime [on] trial."
United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994)
(quotation omitted).  We conclude that the evidence was properly
admitted as acts intrinsic to the charged crime of conspiracy to
import ecstasy.

For the reasons stated above, we affirm Jordan's jury
conviction and sentence.  We dispense with oral argument because
the facts and legal contentions are adequately presented in the
materials before the court and argument would not aid the
decisional process.

AFFIRMED