**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5140**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAFAEL ELIAS KILLIAN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., District Judge. (1:06-cr-00106-NCT)

Submitted: April 11, 2007          Decided: May 14, 2007

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Killian appeals the district court's judgment entered pursuant to a jury verdict finding him guilty of knowingly possessing in commerce a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2000) and § 924(a)(2) (2000). On appeal, Killian contends the district court erred in its admission of certain evidence. Decisions regarding the admission or exclusion of evidence are left to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992).

Police apprehended Killian after encountering him at a car dealership where he was in the process of removing the wheels and tires from a car on the lot. Killian's girlfriend testified at trial that she assisted Killian's attempt to steal the tires, that the couple had already twice unsuccessfully attempted to steal tires earlier in the evening, including once at the dealership, because they possessed the wrong tools, and had returned to his sister's trailer to get the correct tools. While at the trailer, Killian obtained a gun and stated that "if it didn't work this time that he was going to kick in people's doors." The couple then returned to the car dealership.

Killian contends that admission of evidence that he was attempting to steal tires, as well as the testimony that he "was going to kick in people's doors," constituted error under Federal Rules of Evidence 403 and 404(b). Rule 403 excludes relevant evidence whose probative value is substantially outweighed by the danger of unfair prejudice. Rule 404(b) encompasses this same restriction while also excluding evidence of prior bad acts offered to prove a defendant's character. Evidence of prior bad acts may be admitted under the rule, however, if offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b) also does not exclude evidence of prior bad acts that are intrinsic to the criminal act charged. "Other criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996) (quoting United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993)) (internal quotations omitted).

We find no error in the district court's admission of the evidence at issue. The evidence of Killian's actions in preparation to steal tires was intrinsic to the crime of possession of a firearm. Clearly, Killian retrieved the firearm for the purpose of facilitating his plan to steal tires. Moreover, the evidence was not overly prejudicial as the evidence that Killian

attempted to steal tires did not "involve conduct any more sensational or disturbing than the crimes with which he was charged." United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995). Finally, we find the evidence at issue to be relevant, necessary, reliable, and probative in accordance with the four-part test for admissibility of 404(b) evidence set forth in United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).

Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED