**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5272**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK STEPHEN WALSH, a/k/a Patrick Steven
Walsh,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Roger W. Titus, District Judge. (CR-05-1-
RWT)

Submitted: May 9, 2007                    Decided: May 31, 2007

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William B. Purpura, Christopher J. Purpura, LAW OFFICE OF
WILLIAM B. PURPURA, Baltimore, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Chan Park, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Stephen Walsh was convicted following a jury trial of one count of conspiracy to commit arson, in violation of 18 U.S.C. § 844(n) (2000), and thirty-five counts of arson, in violation of 18 U.S.C. § 844(i) (2000). He was sentenced to 253 months of imprisonment, over three million dollars in restitution, and a special assessment of $3600. His convictions stem from intentionally set fires at a partially-complete housing development in Charles County, Maryland, called Hunter's Brooke.

Prior to trial, Walsh filed a motion in limine to preclude admission of evidence that, between August and December 2004, during the charged conspiracy period, he: (1) lit a fire using acetone in a parking lot, (2) set a field on fire, (3) purchased and possessed black powder, (4) constructed and detonated certain explosives, such as pen bombs and canister bombs, (5) lit a vehicle on fire in a parking lot, (6) possessed a copy of The Anarchist's Cookbook and other documents related to explosives, fires, and flammable materials, and (7) devised a plan called "operation payback" which involved setting fire to a vehicle. The defense argued that this evidence was inadmissible propensity evidence under Fed. R. Evid. 404(b) and unduly prejudicial under Fed. R. Evid. 403. The district court denied the motion, concluding that the evidence was intrinsic to the crime of arson conspiracy and therefore, did not fall within the scope of Rule

404(b).[*]  Walsh appealed his convictions and challenges the court's ruling on the admissibility of the evidence.

This court reviews the admission of evidence for an abuse of discretion.  United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005).  "[A]n abuse [of discretion] occurs only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence."  United States v. Williams, 445 F.3d 724, 732 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 314 (2006).

Walsh argues that the evidence was bad acts evidence inadmissible under Rule 404(b).  However, Rule 404(b) only applies to acts extrinsic to the crime charged.  Where evidence is admitted "'as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible.'"  United States v. Higgs, 353 F.3d 281, 311 (4th Cir. 2003) (quoting United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996)).  "[A]cts are intrinsic when they are 'inextricably intertwined or [the] acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'"  Chin, 83 F.3d at 88 (quoting United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993)).  In addition, evidence of other crimes or "uncharged conduct is not considered 'other crimes'" for Rule 404(b) purposes "if it 'arose

---

[*]The district court also denied Walsh's renewed objections to this evidence when it was admitted at trial.

out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime [on] trial.'" United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (quoting United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989)).

Here, as the district court properly concluded, the fires and experimentation with explosives during the summer and fall of 2004, and Walsh's possession of information about obtaining and using various types of explosives and chemicals, were a part of the context of the charged arson conspiracy and were necessary preliminaries to the offense. Walsh contends that evidence that did not specifically reference the Hunter's Brooke development, accelerant fires, or the two particular chemicals used in the arson, was irrelevant. However, as the district court reasonably determined, the evidence was relevant to show the necessary "education and training" that enabled Walsh to select a target, plan, and carry out the arson.

Furthermore, even assuming the evidence fell within the purview of Rule 404(b), the admission of the evidence was still within the district court's discretion. While Rule 404(b) prohibits the introduction of evidence of prior bad acts for the purpose of proving character or propensity, such evidence may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

absence of mistake or accident." Fed. R. Evid. 404(b). Such evidence is properly admitted when it is "(1) relevant to an issue other than character, (2) necessary, and (3) reliable." United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991) (internal citations and quotation marks omitted). Walsh's research about and experimentation with various explosive substances and devices was relevant to show intent, preparation, and planning. The evidence was necessary in that it was probative of the contested issue at trial, and also was reliable.

The district court also acted within its discretion in denying Walsh's objection to admission of the evidence under Rule 403. Under Fed. R. Evid. 403, district courts may exclude otherwise relevant evidence if the probative value of the evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. We will not overturn a district court's Rule 403 judgment "except under the most extraordinary of circumstances, where [a trial court's] discretion has been plainly abused." United States v. Love, 134 F.3d 595, 603 (4th Cir. 1998) (internal quotation marks omitted). We must "examine the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." Id. (internal quotation marks omitted).

Walsh relies on United States v. Hernandez, 975 F.2d 1035 (4th Cir. 1992), in which this court held that evidence concerning the defendant's prior knowledge about cooking and selling crack cocaine was inadmissible as evidence of intent for the charged drug conspiracy. Id. at 1039. However, in Hernandez, the evidence about dealing and cooking drugs during some prior indefinite period of time was not relevant to any disputed issue in the case, and lacking any probative value, merely served to depict Hernandez as an experienced drug dealer. Here, on the other hand, the challenged evidence was directly probative of Walsh's intent, plan, and preparation to commit the arson. The district court did not abuse its discretion in concluding that, under these circumstances, the significant probative value was not substantially outweighed by the danger of unfair prejudice.

In conclusion, because the evidence pertaining to fires and explosives prior to the arson and the printed and downloaded material were a part of the context of the arson conspiracy and necessary preliminaries of the crime, the district court did not abuse its discretion in admitting the evidence. Moreover, even if we were to conclude the evidence fell within the scope of Rule 404(b), the evidence was admissible because it was relevant to show planning and preparation, and its probative value was not substantially outweighed by the danger of unfair prejudice. Accordingly, we affirm Walsh's convictions and sentence. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED