**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5154**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

CORY D. HARRIS, a/k/a Corey D. Harris,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:11-cr-00097-HEH-1)

Submitted:  June 18, 2012      Decided:  September 13, 2012

Before GREGORY, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig W. Sampson, BARNES & DIEHL, PC, Chesterfield, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Alexandria, Virginia, Peter S. Duffey, Assistant United States Attorney, Jamie L. Mickelson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, Cory D. Harris challenges the district court's evidentiary ruling and his sentence of 600 months' imprisonment. First he contends that the district court erred in permitting the Government to admit evidence that he was involved with controlled substances, marijuana and heroin, that were not charged within the superseding indictment. Second he argues that the district court applied the wrong mandatory minimum sentence. For the following reasons, we affirm Harris's convictions and sentences.

I.

On June 8, 2011, a six-count superseding indictment was filed against Harris for cocaine-base and firearm-related offenses.[1] The superseding indictment alleged that from January 2010 through April 2011, Harris conspired to distribute cocaine base. It further alleged that on January 29, 2010, and January 24, 2011, Harris possessed with the intent to distribute cocaine

---

[1] The superseding indictment charged Harris with one count of conspiracy to possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846; one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841; two counts of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

base and possessed several firearms to further his drug trafficking. After a two-day trial, the jury returned a guilty verdict on all six counts. On November 23, 2011, the district court sentenced Harris to 600 months' imprisonment: 240 months on counts one and two to run concurrently; 60 months on count three to run consecutively; 300 months on count four to run consecutively; and 120 months on counts five and six to run concurrently. The district court also imposed ten years of supervised release and a special assessment of $100 per count. Harris timely filed this appeal on November 30, 2011.

## II.

Harris first challenges the district court's ruling permitting the Government to admit evidence that involved marijuana and heroin, drugs not charged in the superseding indictment. A week before trial, the United States filed a notice of intent to present evidence that Harris possessed controlled substances other than cocaine. In the notice, the Government argued that the evidence was not evidence of "other crimes," which is generally prohibited under Federal Rule of Evidence 404(b), but was relevant evidence "intertwined" with the case's charged conduct and necessary to complete the story of Harris's crimes. Harris objected to the Government's notice, arguing that the evidence is offered to show his bad character.

3

This Court reviews the district court's evidentiary rulings for abuse of discretion. United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). A district court abuses its discretion when it "act[s] arbitrarily or irrationally in admitting evidence." United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks omitted).

Generally, evidence that is relevant to the case is admissible, FED R. EVID. 402; however, relevant evidence may be excluded "if the probative value is substantially outweighed by the danger of unfair prejudice," FED R. EVID. 403. Additionally, Federal Rule 404(b) prohibits admitting into evidence other crimes or bad acts not charged in the indictment for the purpose of showing that the person has a bad character. Rule 404(b) does not apply, however, to uncharged conduct that is intrinsic to the crime. See United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). Uncharged conduct is considered intrinsic to the crime when it is "inextricably intertwined or . . . [is] part of a single criminal episode or . . . w[as] [a] necessary preliminar[y] to the crime charged." Id. (quoting United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993) cert. denied, 510 U.S. 926 (1993)). Additionally, Rule 404(b)'s prohibition does not apply if the uncharged conduct is "necessary to complete the story of the crime." United States v. Kennedy, 32

4

F.3d 876, 885 (4th Cir. 1994) (internal quotation marks omitted).

In finding the evidence admissible, the district court reasoned that all the evidence submitted by the Government was relevant to the charged conduct because it took place during the time frame of the alleged conspiracy, occurred at the same time that there was evidence of cocaine base, or involved cocaine. After a review of the record, we find that the district court did not abuse its discretion. The evidence that involved other controlled substances took place during the period of January 2010 through April 2011, the time frame charged in the superseding indictment to support count one, and in each instance, either the testifying witnesses or the contraband seized involved the sale or presence of cocaine base. Accordingly, this evidence was "inextricably intertwined" with the charged conduct, Chin, 83 F.3d at 88, and certainly was required to complete the story of Harris's conspiracy to possess and distribute cocaine base and his unlawful possession of firearms, see United States v. Johnson, 415 F. App'x 495, 504 (4th Cir. 2011) (finding no abuse of discretion when the district court permitted a witness to testify that the defendant, charged with cocaine conspiracy, had initially sold him marijuana but later on sold him heroin and cocaine). Thus, Rule 404(b) does not apply to this evidence.

5

This Court must still consider the evidence under Rule 403, however, "our discretion to exclude evidence under [the Rule] is narrowly circumscribed." Johnson, 415 F. App'x at 504 (quoting United States v. Norton, 867 F.2d 1354, 1361 (11th Cir.), cert denied, 491 U.S. 907 (1989)) (internal quotation marks omitted). Here, Harris does not indicate how he was prejudiced by the evidence related to other controlled substances, other than asserting generally that such evidence demonstrates his bad character. What's more, Harris points out that the district court gave an instruction regarding uncharged conduct, yet he believes the instruction was too vague to cure the alleged prejudice. See United States v. Whorley, 550 F.3d 326, 338 (4th Cir. 2008) (finding that the court reduced the risk of prejudice stemming from evidence of the defendant's prior conviction by giving the jury a limiting instruction). Regardless, Harris has not explained why the district court's ruling is irrational or arbitrary in light of the fact that the evidence was within the conspiracy period and demonstrated Harris's involvement with trafficking cocaine base and illegal possession of firearms. Accordingly, the Court finds that there was no clear error in admitting the evidence that mentioned other controlled substances.

Harris next challenges the district court's application of the 240-month, mandatory minimum sentence for count two,

6

possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841. Count two arose from the police seizing approximately 110 grams of cocaine base from Harris's residence on January 29, 2010. At the time of the offense conduct, the prison sentence for possession with the intent to distribute 50 grams or more of cocaine base was not less than 120 months and not more than life. In Harris's case, since he had previously been convicted of a felony drug offense, his mandatory minimum sentence for count two would have increased to 240 months. 21 U.S.C. § 851. Prior to Harris's indictment and conviction for his crimes, Congress enacted the Fair Sentencing Act ("FSA"), which amended 21 U.S.C. § 841, reducing the crime's sentence range to a minimum of 5 years and a maximum of 40 years. Applying the amendment, and taking into consideration his prior felony conviction, Harris faced a lower mandatory minimum sentence of 120 months.

Before trial, the Government filed a notice of enhancement under 21 U.S.C. § 851, specifying that Harris qualified for a sentencing enhancement for counts one and two due to his prior felony conviction and that this enhancement would double his mandatory minimum sentences to 240 months and 120 months, respectively. In a footnote in the notice, the Government stated that it had taken the position that the FSA amendments applied to Harris even though his offense occurred prior to the

7

law's enactment. However, at sentencing the probation officer concluded that because the offense conduct took place prior to the FSA, Harris was subject to the pre-amendment mandatory minimum of 240 months' imprisonment on count two. Neither party objected to the probation officer's conclusion and the district court sentenced Harris to 240 months' imprisonment for count two to run concurrently with his sentence of 240 months' imprisonment for count one. Harris contends that the district court erred in not sentencing him under the FSA. The Government responds that even if the district court erred, the error is harmless because regardless of whether Harris would have received a reduced sentence for count two, he nonetheless would have to serve a 240-month sentence for his conviction on count one, which runs concurrent with count two.

Recently, the Supreme Court has held that the FSA applies to a defendant who committed the offense prior to the FSA but was sentenced after its enactment. See Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012). We find that in this case the district court's error is harmless. See United States v. Christian, 452 F. App'x 283, 288 (4th Cir. 2011) (per curiam). In Christian, the Court determined that even if the district court erred in not applying the FSA to the defendant's sentence due to his crimes being committed prior to the law's enactment, the error was harmless because "[r]egardless of what sentence he

receive[d] on the drug count, [the defendant] will be required to serve his forty-year mandatory minimum sentence on the firearm charges." Id. at 288. The Court cited United States v. Ellis, 326 F.3d 593, 599-600 (4th Cir. 2003) in which the Court held that a sentence on a count that exceeded the statutory maximum sentence did not affect the defendant's substantive rights because the error did not result in a longer term of imprisonment given that the defendant received a life sentence on a different concurrent count. Id. Here, Harris will be serving 240 months in prison for count one even if the FSA applied to him and reduced his sentence for count two. Because Harris's overall time in prison remains unaffected, we find the error is harmless in this case.

## III.

For the foregoing reasons, we affirm Harris's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[2]

AFFIRMED

---

[2] We have reviewed the additional issues raised in Harris's pro se supplemental brief and find that they lack merit.