**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4246

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SOLOMON LOUIS BROOKS, a/k/a Anthony Jerome
Foster, a/k/a Alvin, a/k/a Darvis Shamburger,
a/k/a Berry Davis,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Claude M. Hilton, Chief
District Judge. (CR-03-374-A)

Submitted: August 1, 2005          Decided: August 30, 2005

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Paul J. McNulty, United States Attorney, Dennis M.
Kennedy, Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Solomon Louis Brooks was convicted by a jury of interstate transportation of stolen motor vehicles (two counts), 18 U.S.C. § 2312 (2000), possession/concealment of stolen motor vehicles (two counts), 18 U.S.C. § 2313 (2000), and false representation of social security number (one count), 42 U.S.C. § 408(a)(7)(b) (2000). He was sentenced to eighty-four months' imprisonment. On appeal, he argues that the district court erred in allowing the prosecution to introduce evidence regarding his use of aliases. He further seeks remand for resentencing on the ground that his sentence violates his Sixth Amendment rights under United States v. Booker, 125 S. Ct. 738 (2005). For the following reasons, we affirm Brooks' conviction and vacate and remand for resentencing.

Brooks first argues that the district court erred in allowing the Government to present evidence of his use of false names in connection with the charged conduct. Review of a district court's determination of the admissibility of evidence under Rule 404(b) is for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990). Where testimony is admitted as to acts intrinsic to the crime charged, and is not

- 2 -

admitted solely to demonstrate bad character, it is admissible. United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). Acts are intrinsic when they are "inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." Id. (quoting United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993)). In addition, evidence of other crimes or uncharged conduct is "not considered 'other crimes'" for Rule 404(b) purposes if it "'arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime [on] trial.'" United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (quoting United States v. Towne, 870 F.2d 880, 886 (4th Cir. 1989)). We find no abuse of discretion in the court's admission of the evidence.

Citing Booker, Brooks also argues that his sentence was imposed in violation of his Sixth Amendment right to a jury. This issue is raised on appeal for the first time and, thus, is reviewed for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). The district court sentenced Brooks under the federal sentencing guidelines to eighty-four months' imprisonment. This sentence included a twelve-level enhancement for the amount of loss exceeding $200,000, and a two-level enhancement for being in the business of receiving or selling stolen property. Brooks contests the application of these enhancements because the facts underlying

the enhancements were found by the district court by a preponderance of the evidence and were neither charged in the indictment nor proven by the jury beyond a reasonable doubt.

In Booker, the Supreme Court held that the mandatory manner in which the Federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-57 (Breyer, J., opinion of the Court). Subsequently, we held that sentencing a defendant to a significantly longer term of imprisonment than the district court could have imposed based solely on the facts found by the jury or admitted by the defendant, constituted plain error. Hughes, 401 F.3d at 547-56.

Here, a sentence based solely on the facts found by the jury would have been at least sixty months less than the term of imprisonment to which Brooks was sentenced. Accordingly, in light of Booker and Hughes, we find that the district court plainly erred in sentencing Brooks.[1] Therefore, we affirm Brooks' conviction,

---

[1]Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Brooks' sentencing. 401 F.3d at 545 n.4.

- 4 -

vacate his sentence, and grant his motion to remand for resentencing consistent with <u>Booker</u> and <u>Hughes</u>.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u><br>
<u>VACATED IN PART,</u><br>
<u>AND REMANDED</u>

---

<u>See</u> <u>generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Although the Guidelines no longer are mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767 (Breyer, J., opinion of the Court).  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  <u>Hughes</u>, 401 F.3d at 546.  If that sentence falls outside the Guidelines range, the court should explain its reason for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  <u>Hughes</u>, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u> at 547.