**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4183**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

AMANZA JAMES POLLINO, a/k/a Jiggy,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:07-cr-00046-jpj-pms-1)

Submitted:  March 30, 2009              Decided:  May 1, 2009

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Joel C. Hoppe, Assistant Federal Public Defender, Charlottesville, Virginia, for Appellant.  Julia C. Dudley, Acting United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Amanza James Pollino of conspiracy to possess with intent to distribute and to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2006), and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B). He was sentenced to 120 months' imprisonment. On appeal, Pollino argues: (1) the evidence was insufficient to support the jury's convictions; (2) the admission of evidence relating to a traffic stop of Pollino on April 12, 2007, created a prejudicial variance from the charges in the indictment and, as "prior bad acts" evidence under Fed. R. Evid. 404(b), it required a limiting instruction; and (3) the sentencing scheme for cocaine base offenses under 21 U.S.C. § 841 violates the Due Process and Equal Protection clauses. Finding no reversible error, we affirm.

Pollino first challenges the sufficiency of the evidence to support the jury's convictions. This court reviews de novo a district court's denial of a motion, made pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In conducting such a review, the court is obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is

2

supported by substantial evidence. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). This court has "defined substantial evidence as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation and citation omitted); see Burgos, 94 F.3d at 862. This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In evaluating the sufficiency of the evidence, this court does not assess the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir.), cert. denied, 129 S. Ct. 519 (2008). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (internal quotation marks and citation omitted).

To prove a conspiracy under 21 U.S.C. § 846, the government must prove (1) an agreement between two or more persons to engage in conduct that violates a federal drug law,

3

(2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy. United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001); see Burgos, 94 F.3d at 857. "By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement." Burgos, 94 F.3d at 857. Therefore, a conspiracy generally is proved by circumstantial evidence. Id. "Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of this association, [the defendant's] attitude [and] conduct and the nature of the conspiracy." Id. (internal quotations and citations omitted).

To convict a defendant of possession with the intent to distribute, the government must prove: (1) possession of a narcotic controlled substance; (2) knowledge of the possession; and (3) the intent to distribute. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). "A defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture." Burgos, 94 F.3d at 873 (internal quotation marks and citation omitted).

Pollino's main contention on appeal is that the evidence linking him to crack cocaine was circumstantial, which is admittedly permissible, but, in his case, too tenuous to

4

establish beyond a reasonable doubt that he possessed the requisite knowledge. We have reviewed the record and we find sufficient evidence to sustain the jury's verdict. Accordingly, we find the district court did not err in denying Pollino's motion for acquittal as to both counts.

Next, Pollino claims the introduction of evidence relating to the April 12, 2007 traffic stop created a prejudicial variance from the indictment that violated his rights to due process. The indictment charged Pollino with conspiracy "on or about June 20, 2007." The indictment cites the same date for the second charge of possession with intent to distribute. The traffic stop occurred on April 12, 2007. Pollino argues that the admission into evidence of the April 12, 2007 stop and arrest constituted a prejudicial variance. Pollino further claims that the admission of this "prior bad acts evidence" under Fed. R. Evid. 404(b) required a limiting instruction to the jury.

A variance occurs when the evidence presented at trial differs materially from the facts alleged in the indictment. United States v. Bollin, 264 F.3d 391, 405 (4th Cir. 2001). Only when the evidence presented at trial changes the elements of the crime charged, such that the defendant is convicted of a crime other than that charged in the indictment, is the difference fatal. United States v. Randall, 171 F.3d 195, 203

5

(4th Cir. 1999). A variance that does not alter the crime charged "does not violate a defendant's constitutional rights unless it prejudices [him] either by surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense." Id.

The district court concluded that the April 12, 2007 traffic stop and subsequent arrest were not "prior bad acts evidence" but rather "intrinsic evidence" providing "relevant testimony" as to both counts. Pollino was charged with conspiracy in count one and the alleged discrepancy in offense dates does not affect the essential elements of the crime. See United States v. Queen, 132 F.3d 991, 999-1000 (4th Cir. 1997) (specific dates are not elements of conspiracy offense). We therefore find admission of the contested evidence did not create a fatal variance.

Additionally, the district court properly admitted the evidence as intrinsic to the charged offense and not subject to 404(b). Rule 404(b) only applies to acts extrinsic to the crime charged. Where testimony is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible. United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). Acts are intrinsic when they are "inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries

6

to the crime charged." Id. (quoting United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993)). Moreover, evidence of other crimes or uncharged conduct is "not considered 'other crimes'" for Rule 404(b) purposes if it "'arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime [on] trial.'" United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (quoting United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989)). Accordingly, we find the admission of the contested evidence did not require a limiting instruction.

Last, Pollino argues that the sentencing scheme under 21 U.S.C. § 841 as it relates to cocaine base is unconstitutional because it is not proportional to sentences for powder cocaine and violates his rights to due process and equal protection. Pollino's constitutional challenge is without merit. This court has repeatedly rejected claims that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process. See United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (collecting cases); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir. 1990). We further note that Pollino's reliance on the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558 (2007), is misplaced. Although the Court in Kimbrough found that district courts are permitted to disagree

7

with the policies underlying the Sentencing Guidelines, the Court neither found § 841's penalty provisions unconstitutional nor overruled this court's previous holdings rejecting constitutional challenges to the 100:1 ratio.  Id. at 572.

Accordingly, we affirm Pollino's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED