FILED
United States Court of Appeals
Tenth Circuit

May 27, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VIRGIL HALL,

    Defendant - Appellant.

No. 15-4008
(D.C. Nos. 2:14-CV-00364-TS and
2:10-CR-01109-TS-1)
(D. Utah)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

Defendant-Appellant Virgil Hall, a federal inmate appearing pro se, seeks
to appeal from the district court's denial of his motion to vacate, set aside, or
correct his sentence. 28 U.S.C. § 2255; 1 R. 126–48. To proceed on appeal, Mr.
Hall must obtain a certificate of appealability ("COA") by making a "substantial
showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a
district court has rejected a petitioner's constitutional claims on the merits, he
"must demonstrate that reasonable jurists would find the district court's
assessment of the constitutional claims debatable or wrong." Slack v. McDaniel,
529 U.S. 473, 484 (2000). Where a district court has dismissed a petition on
procedural grounds, he must show, "at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Because Mr. Hall has not made the required showing, we deny a COA and dismiss the appeal.

On December 15, 2010, Mr. Hall was charged in a one-count indictment alleging possession with intent to distribute 500 grams or more of cocaine. A jury found Mr. Hall guilty, and he was sentenced to 120 months in custody and 60 months of supervised release. On direct appeal, Mr. Hall argued that the district court erred by admitting improper evidence at trial. We disagreed and affirmed his conviction. United States v. Hall, 508 F. App'x 776 (10th Cir.), cert. denied 133 S. Ct. 2841 (2013). Mr. Hall then filed a petition for a writ of mandamus directing the district court clerk to provide him with original, true, and correct copies of his indictment, complaint, and judgment, which we dismissed as frivolous on September 4, 2013.

On May 12, 2014, Mr. Hall filed his § 2255 motion, asserting several grounds for relief under the Fifth and Sixth Amendments, including ineffective assistance of trial and appellate counsel, lack of standing and subject matter jurisdiction, and violations of his rights to self-representation and to an open court and public trial. The district court remarked that, because Mr. Hall had not raised them on direct appeal, all of his claims were procedurally barred absent a showing of cause and prejudice or a fundamental miscarriage of justice. Hall v.

United States, Civ. No. 2:14–CV–364 TS, Crim. No. 2:10–CR–1109 TS, 2014 WL 7391735, at \*2 (D. Utah Dec. 29, 2014). The court noted that ineffective assistance could furnish cause for Mr. Hall's failure to raise the substantive claims. Id. Of course, it is well established that a petitioner may bring claims of ineffective assistance of counsel under § 2255 without a showing of cause and prejudice or a fundamental miscarriage of justice. Massaro v. United States, 538 U.S. 500, 504–506 (2003); United States v. Galloway, 56 F.3d 1239, 1242–1243 (10th Cir. 1995) (en banc). Regardless, the district court carefully analyzed Mr. Hall's ineffective assistance claims and considered whether ineffective assistance could provide cause for failure to raise his other substantive claims. The court found all claims to be without merit. Hall, 2014 WL 7391735, at \*2–12.

On appeal, Mr. Hall primarily argues the district court lacked jurisdiction because his indictment and judgment were "facially invalid" in violation of his Fifth Amendment right to due process of law. Pet. 3. He also argues ineffective assistance of trial counsel resulted in a "dramatic increase in his mandatory minimum sentence." Id. at 4. We do not find the district court's resolution of Mr. Hall's claims reasonably debatable. In particular, he has not shown that his indictment and judgment were invalid, that the district court lacked jurisdiction, or that his trial and appellate counsel were constitutionally ineffective under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).

We DENY Mr. Hall's motion for a COA and DISMISS his appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge