FILED
United States Court of Appeals
Tenth Circuit

June 22, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VIRGIL HALL,

Defendant - Appellant.

No. 16-4049
(D.C. Nos. 2:14-CV-00364-TS &
2:10-CR-01109-TS-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **KELLY**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

_____

Virgil Hall, a federal prisoner proceeding pro se, seeks to appeal the district

court's dismissal of his motion purportedly filed under Fed. R. Civ. P. 60(b)(4). The

court dismissed Hall's motion for lack of jurisdiction, construing it as an

unauthorized second or successive motion seeking relief under 28 U.S.C. § 2255.

We deny a certificate of appealability ("COA") and dismiss this proceeding.

A jury found Hall guilty in 2011 on one count of possession with intent to

distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1). The

district court sentenced him 120 months' imprisonment. Hall filed a § 2255 motion

_____

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in 2014.  The district court denied relief, and this court denied his application for a COA and dismissed his appeal.  In 2016, Hall filed a Rule 60(b) motion in his criminal case.  The district court construed that motion as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.  Hall seeks a COA to appeal the district court's dismissal order.

Hall must obtain a COA to pursue an appeal.  *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008); *see also* 28 U.S.C. § 2253(c).  We liberally construe his pro se opening brief and application for a COA.  *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).  Because the district court's ruling rested on procedural grounds, Hall must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We deny a COA because reasonable jurists would not debate the district court's ruling that it lacked jurisdiction over Hall's motion because it was an unauthorized second or successive § 2255 motion.

Hall argued in his motion, purportedly filed under Rule 60(b), that the district court lacked jurisdiction in his criminal proceedings due to a defective grand jury indictment.  When Hall raised substantially the same contention in his first § 2255 motion, the district court denied relief and we denied a COA, stating that Hall "has

not shown that his indictment and judgment were invalid [or] that the district court lacked jurisdiction." *United States v. Hall*, 605 F. App'x 766, 767 (10th Cir. 2015).

In ruling on Hall's latest motion, the district court ruled that he was asserting a federal basis for relief from his underlying conviction. Its determination that his motion was therefore an unauthorized second or successive § 2255 motion is not debatable. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (explaining that motions asserting or reasserting claims of error in a prisoner's conviction are treated like second or successive § 2255 motions and are subject to the § 2255(h) authorization requirements). The district court lacks jurisdiction to address the merits of an unauthorized second or successive § 2255 motion. *See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008).* Hall does not dispute that he previously filed a first § 2255 motion and that he has not sought authorization from this court to file a second § 2255 motion.

Hall fails to show that reasonable jurists would debate the correctness of the district court's procedural ruling dismissing his motion for lack of jurisdiction. Accordingly, we deny his application for a COA and dismiss the appeal. We grant Hall's application to proceed without prepayment of fees and costs.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk