**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

VIRGIL HALL,

      Defendant - Appellant.

No. 18-4018
(D.C. Nos. 2:14-CV-00364-TS &
2:10-CR-01109-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Virgil Hall, proceeding pro se, seeks a certificate of appealability (COA) to appeal

from the district court's dismissal of his Fed. R. Civ. P. 60(d)(3) motion as an

unauthorized second or successive 28 U.S.C. § 2255 motion. We grant a COA because

the motion was not subject to the restrictions on second-or-successive § 2255 motions.

---

* After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

We decline to remand for further proceedings, however, because Mr. Hall's

Rule 60(d)(3) motion does not undermine the result in his § 2255 proceeding.[1]

## Background

A jury found Mr. Hall guilty of one count of possession with intent to distribute

500 grams or more of cocaine. After being sentenced to 120 months' imprisonment, he

unsuccessfully pursued a direct appeal and a § 2255 motion. One issue in the § 2255

proceeding was whether Mr. Hall's indictment was facially invalid. The district court

denied all his claims, and this court denied a COA. *United States v. Hall*, 605 F. App'x

766, 767 (10th Cir. 2015).

In January 2018, Mr. Hall filed an "Independent Action to Set Aside a Judgment

Fraud on the Court Rule 60(d)(3)" alleging that the prosecutor had committed fraud on

the court by presenting false evidence in the § 2255 proceeding. Specifically, Mr. Hall

asserted that the copy of the indictment the prosecutor presented for in camera review in

the § 2255 proceeding was different from the copy of the indictment Mr. Hall had

received from the clerk of the district court. The Rule 60(d)(3) motion asserted that the

indictment introduced by the prosecutor "was inadmissible[,] not credible[,] and if

impeached would [have] undoubtedly alter[ed] the out come of the 2255 proceeding and

this case." R. Vol. V at 14.

The district court determined the Rule 60(d)(3) motion was an unauthorized

second or successive § 2255 motion and dismissed it for lack of jurisdiction.

---

[1] Because we conclude that Mr. Hall's arguments ultimately do not warrant appellate relief, we have not ordered the government to file an answer brief.

*See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam).  In footnotes, the district court also stated that "any differences [between the indictments] do not alter the Court's previous decision," R. Vol. V at 30 n.1, and that "[e]ven if this claim is not a second or successive petition, it would fail on the merits," *id.* at 32 n.11.

## COA Analysis

To appeal from the district court's decision, Mr. Hall must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).  A COA can issue only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Because the district court decided his filing on a procedural ground, Mr. Hall must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).  We conclude that Mr. Hall has satisfied both prongs of the *Slack* test.

Mr. Hall already has pursued relief under § 2255, and therefore he must obtain this court's authorization before filing another § 2255 motion in the district court. *See* 28 U.S.C. § 2255(h).  (And that is true notwithstanding Mr. Hall's allegations that the district court failed to comply with 28 U.S.C. § 2255(a) in his first proceeding.)  "A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion— and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction." *United States v. Baker*, 718 F.3d

3

1204, 1206 (10th Cir. 2013). But a motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," does not qualify as a second or successive motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

"Fraud on the habeas court is one example of such a defect." *Id.* n.5. "[A]n allegation that the state presented fraudulent testimony before the habeas court that was separate and distinct from any previous fraud alleged to have tainted the initial conviction or direct appeal may be the subject of a true 60(b) motion." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). In contrast, "a motion alleging fraud on the court in a defendant's *criminal proceeding* must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction." *Baker*, 718 F.3d at 1207 (emphasis added).

Mr. Hall's Rule 60(d)(3) motion alleged fraud on the court in the § 2255 proceedings, not in the underlying criminal proceeding. *See* R. Vol. V at 10 ("[T]he Assistant U.S. Attorney . . . performed an egregious act of fraud on the court when he presented an indictment to the sentencing judge in camera in Mr. Hall's 2255 proceeding that is outside the record and not an exact duplicate of what's in possession of the clerk of court."); *id.* at 13 ("[The prosecutor] knowingly and willingly deceived the Court by showing a different indictment to the judge in camera denying Mr. Hall an[] opportunity to object, argue and point out any oversight, mistake or error the Court has made by going with an indictment outside the record."). In light of these allegations and the

4

applicable precedent, reasonable jurists could debate the district court's procedural determination.

Regarding the other prong of the *Slack* test, this court has explained that it will "only take a 'quick' look at the federal habeas petition to determine whether [the petitioner] has facially alleged the denial of a constitutional right." *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (brackets and internal quotation marks). Mr. Hall's claim that the prosecutor committed fraud on the court in this § 2255 proceeding satisfies this standard. Therefore, we grant a COA.

## Merits Analysis

The district court erred in concluding that the motion was a second-or-successive § 2255 motion. As discussed above, the Rule 60(d)(3) motion confines itself to alleging fraud in the § 2255 proceeding. Under *Gonzalez*, an allegation of "[f]raud on the federal habeas court" generally is an example of "a defect in the integrity of the federal habeas proceedings" rather than a second-or-successive § 2255 motion. *Gonzalez*, 545 U.S. at 532 & n.5. *Baker* and *Spitznas* also both indicate that a claim of fraud on the habeas court is not a second-or-successive claim. *Baker*, 718 F.3d at 1207; *Spitznas*, 464 F.3d at 1216.

Admittedly, Mr. Hall's fraud-on-the-habeas-court claim may be viewed as leading to a challenge to the denial of his § 2255 claim regarding the facial validity of his indictment. *See Spitznas*, 464 F.3d at 1215-16 (stating that a proceeding is not subject to the restrictions on second-or-successive motions if it "challenges a defect in the integrity of the federal habeas proceeding, *provided that such a challenge does not itself lead*

5

*inextricably to a merits-based attack on the disposition of a prior habeas petition*"

(emphasis added)).  Nevertheless, this court's precedent counsels against concluding that

Mr. Hall's claim is subject to the requirements of § 2255(h).

In *In re Pickard*, 681 F.2d 1201, 1205 (10th Cir. 2012) , this court held that a

claim that the prosecutor withheld information during a § 2255 proceeding "challeng[ed]

the integrity of the § 2255 proceedings" and therefore was a proper Fed. R. Civ. P. 60(b)

motion, not a second-or-successive § 2255 claim.  *Pickard* discussed *Spitznas*, stating,

> The words *lead inextricably* should not be read too expansively.  They
> certainly should not be read to say that a motion is an improper Rule 60(b)
> motion if success on the motion would ultimately lead to a claim for relief
> under § 2255.  What else could be the purpose of a 60(b) motion?  The
> movant is always seeking in the end to obtain § 2255 relief.  The movant in
> a true Rule 60(b) motion is simply asserting that he did not get a fair shot in
> the original § 2255 proceeding because its integrity was marred by a flaw
> that must be repaired in further proceedings.  . . . [T]he [*Spitznas*] proviso
> means only that a Rule 60(b) motion is actually a second-or-successive
> petition if the success of the motion depends on a determination that the
> court had incorrectly ruled on the merits in the habeas proceeding.

681 F.3d at 1206.  Mr. Hall's Rule 60(d)(3) claim is similar to the claim that *Pickard* held

was not subject to the restrictions on second-or-successive § 2255 claim.  *See id.* (stating

that "the claim in the Rule 60(b) motion is that the prosecutor committed fraud in the

§ 2255 proceedings that prevented Defendants from obtaining discovery to establish their

§ 2255 claims").  As in *Pickard*, then, the district court had jurisdiction to consider

Mr. Hall's fraud-on-the-habeas court claim.

*Pickard* remanded for the district court to consider the movant's claim in the first

instance.  *See id.* at 1207.  We decline to remand for further proceedings, however,

because even assuming that Mr. Hall could establish that the prosecutor's submission of

6

his copy of the indictment constituted fraud on the court, Mr. Hall's evidence ultimately does not undermine the result in the § 2255 proceeding.

The differences between the copies of the indictment appear to be court stamps, the manner of redacting the signature of a grand jury foreperson, and the prosecutor's signature. These differences involve, at most, technical irregularities, and therefore the fact that the prosecutor's copy differed from the court's copy of the indictment does not undermine the result in the § 2255 proceeding. *See Hobby v. United States*, 468 U.S. 339, 345 (1984) ("Even the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."); *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997) ("An indictment need only meet minimal constitutional standards, and we determine the sufficiency of an indictment by practical rather than technical considerations."); *see also United States v. Deffenbaugh Indus., Inc.*, 957 F.2d 749, 755 (10th Cir. 1992) ("[C]laims attacking the technical validity of indictments become harmless error and therefore moot and unreviewable after final judgment."). The district court correctly predicted that Mr. Hall's claim would not affect its prior denial of § 2255 relief.

## Conclusion

For these reasons, we grant a COA but affirm the determination that Mr. Hall is not entitled to relief.[2] Mr. Hall's motion to proceed without prepayment of costs and

---

[2] "We can, of course, affirm a lower court's ruling on any grounds adequately supported by the record, even grounds not relied upon by the district court." *United States v. Snyder*, 793 F.3d 1241, 1243 (10th Cir. 2015) (internal quotation marks omitted).

fees is granted.  Under 28 U.S.C. § 1915(a) and (b)(1), however, only *prepayment* is excused. Mr. Hall remains obligated to pay the full amount of costs and fees.

Entered for the Court
Per Curiam