**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VIRGIL HALL,

    Defendant - Appellant.

No. 20-4107
(D.C. Nos. 4:20-CV-00096-TS &
2:10-CR-01109-TS-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Virgil Hall, proceeding pro se,[1] seeks a certificate of appealability (COA) to

appeal the district court's dismissal of his 28 U.S.C. § 2255 motion. We deny Hall's

request for a COA and dismiss this matter.

**BACKGROUND**

A jury convicted Hall on one count of possession with intent to distribute 500

grams or more of cocaine, and the United States District Court for the District of Utah

sentenced him to 120 months in custody and 60 months' supervised release. He appealed

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Hall appears pro se, we construe his filings liberally but do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

his conviction, and we affirmed. *United States v. Hall*, 508 F. App'x 776, 778 (10th Cir. 2013).

He then filed a petition for a writ of mandamus directing the district court clerk to provide him with original, true, and correct copies of his indictment, complaint, and judgment. We dismissed his petition as frivolous, noting that he attached "copies of the amended judgment and the indictment" to his petition. *In re Hall*, No. 13-4114, Order at 2 (10th Cir. Sept. 4, 2013). We also noted that the documents attached to his petition were "stamped by the clerk with a notation that they [were] true and correct copies of the documents or the electronic docket entries" and were "identical to the documents as they appear in the district court's electronic docket." *Id.*

He later filed a § 2255 motion seeking to vacate his sentence. The district court denied his motion. On appeal, he "primarily argue[d] the district court lacked jurisdiction because his indictment and judgment were 'facially invalid' in violation of his Fifth Amendment right to due process of law" because they did not bear the appropriate seal and were not signed by the clerk of the district court as allegedly required by 28 U.S.C. § 1691. *United States v. Hall*, 605 F. App'x 766, 767 (10th Cir. 2015). We denied a COA, noting among other things that Hall had "not shown that his indictment and judgment were invalid." *Id.*

Over the years, Hall launched other collateral attacks based on alleged defects in court documents. *See, e.g.*, *United States v. Hall*, 667 F. App'x 298, 299 (10th Cir. 2016) (denying a COA related to Hall's second § 2255 motion that asserted "that the district court lacked jurisdiction in his criminal proceedings due to a defective grand jury

2

indictment"); *United States v. Hall*, 737 F. App'x 889, 893 (10th Cir. 2018) (per curiam) (holding that "the fact that the prosecutor's copy differed from the court's copy of the indictment [did] not undermine the result in the § 2255 proceeding").

Hall got out of prison and moved to Missouri on supervised release. He admitted violating the terms of his supervised release and the United States District Court for the Eastern District of Missouri sentenced him to three months' incarceration followed by 54 months' supervised release. While incarcerated, Hall filed a petition in the Eastern District of Missouri "on a court-provided 28 U.S.C. § 2241 form." *Hall v. United States*, No. 4:20-CV-00180-SEP, 2020 WL 3960843, at *1 (E.D. Mo. July 13, 2020). Hall indicated that he was challenging the Eastern District of Missouri's revocation order. He asserted three grounds for relief:

> First, [Hall] state[d] that he "[was] being held on invalid and void court orders," and that the indictment and judgment do not have "a court seal . . . signed by the clerk." Second, he claim[ed] a violation of due process at his detention hearing because he asked "to see certified records" regarding the indictment and judgment, which [were] allegedly "without a court seal and clerk signature." And finally, [Hall] assert[ed] "slavery." In support, he state[d] that the "court cannot produce certified records and show that [he] has been duly convicted."

*Id.* (citation omitted) (ellipsis in original).

The district court observed that Hall's petition amounted to "a collateral attack on his conviction and sentence, which must be raised in a motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255." *Id.* at *2. "Instead of dismissing the petition," the court gave Hall "the opportunity either to withdraw it or to consent to the [c]ourt's reclassification of it as a motion pursuant to 28 U.S.C. § 2255." *Id.* And the

3

court informed Hall that if he chose "to consent to reclassification, he must amend his petition by filing a motion pursuant to 28 U.S.C. § 2255 on a [c]ourt-provided form." *Id.*

Hall responded by filing the § 2255 motion that is the subject of this appeal in the Eastern District of Missouri. His motion states that it challenges the judgment of conviction entered in the District of Utah. Because a § 2255 motion must be brought in "the court which imposed the sentence," § 2255(a), the district court in the Eastern District of Missouri transferred Hall's motion to the District of Utah under 28 U.S.C. § 1631. *See Hall v. United States*, No. 4:20-CV-00180-SEP, 2020 WL 4934251, at *1 (E.D. Mo. Aug. 24, 2020). The district court in the District of Utah dismissed the motion for lack of jurisdiction because Hall did not first obtain this court's authorization to file it.

**DISCUSSION**

Under 28 U.S.C. § 2253(c)(1)(B), Hall must obtain a COA before he can appeal the district court's dismissal of his most recent § 2255 motion. To obtain a COA, Hall must show, among other things, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hall has not met this burden.

Because Hall had filed a prior § 2255 motion, § 2255(h) required him to obtain authorization from this court before filing his motion in the district court. This he did not do. And "[w]hen a district court is confronted with an unauthorized motion, it does not even have jurisdiction to deny the relief sought in the pleading." *United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017) (internal quotation marks omitted). Jurists

4

of reason would therefore not find it debatable whether the district correctly dismissed Hall's § 2255 motion for lack of jurisdiction.

## CONCLUSION

We deny Hall's application for a COA and dismiss this matter. We deny Hall's motion to proceed on appeal without prepayment of costs or fees because he failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We warn Hall that any further efforts to collaterally attack his sentence without satisfying the standards of § 2255(h) may lead to the imposition of filing restrictions, sanctions, or both.

Entered for the Court
Per Curiam