**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VIRGIL HALL,

    Defendant - Appellant.

No. 21-4138
(D.C. No. 2:10-CR-01109-TS-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Virgil Hall, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his Fed. R. Civ. P. 60(d)(3) motion as an unauthorized second or successive 28 U.S.C. § 2255 motion.  We deny a COA and dismiss this proceeding.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

In 2011, Hall was convicted of possession with intent to distribute 500 grams or more of cocaine and was sentenced to 120 months in custody and 60 months' supervised release. After we affirmed his conviction, *see United States v. Hall* (*Hall I*), 508 F. App'x 776, 780 (10th Cir. 2013), he filed a § 2255 motion asserting several grounds for relief, including ineffective assistance of trial and appellate counsel, lack of standing and subject matter jurisdiction, and violations of his rights to self-representation and to an open court and public trial. The district court denied the motion. Hall sought a COA to appeal that order, arguing primarily that the district court lacked jurisdiction because his indictment and judgment did not bear the appropriate seal and were not signed by the clerk of the district court. We denied a COA and dismissed the appeal. *United States v. Hall* (*Hall II*), 605 F. App'x 766, 767 (10th Cir. 2015).

Since then, Hall has filed three unsuccessful attacks on his conviction—two unauthorized second or successive § 2255 motions, one of which was captioned as Rule 60(b) motion, and a true Rule 60(b) motion alleging fraud in the § 2255 proceeding, all based on the same alleged defects in the indictment that underpinned his jurisdictional argument in the initial § 2255 proceeding. *See United States v. Hall* (*Hall V*), 842 F. App'x 260, 262 (10th Cir. 2021) (per curiam) (denying a COA as to an unauthorized § 2255 motion asserting claims based on alleged defects in the indictment); *United States v. Hall* (*Hall IV*), 737 F. App'x 889, 893 (10th Cir. 2018) (per curiam) (affirming order denying relief based on allegation in Rule 60(b) motion that the prosecutor had undermined the § 2255 proceeding by presenting a copy of the indictment that differed

2

from the one Hall had received from the court clerk); *United States v. Hall* (*Hall III*), 667 F. App'x 298, 299 (10th Cir. 2016) (denying a COA as to unauthorized § 2255 motion captioned as a Rule 60(b) motion challenging the district court's jurisdiction in the criminal proceedings based on defects in the indictment).

Hall then filed the motion at issue here, which he captioned as a Rule 60(b) motion to set aside the judgment. He alleged that the prosecutor committed fraud on the court and violated his right to due process by, among other things, indicting him without the use of a grand jury, fabricating evidence against him, depriving him of his rights to be present at his arraignment, and arranging for his unlawful re-trial detention. Because those claims all alleged misconduct in his underlying criminal proceeding, the district court construed that part of Hall's motion as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Hall further asserted that the prosecutor committed fraud on the court in his prior habeas proceedings by presenting a copy of the indictment that differed from the one Hall had received from the court clerk. The district court implicitly denied that claim, noting it had already been rejected. *See Hall IV*, 737 F. App'x at 893 (holding that the differences between the copies of the indictment were "technical irregularities" that did "not undermine the result in the § 2255 proceeding" and noting that "[t]he district court correctly predicted that [the] claim would not affect its prior denial of § 2255 relief"). Hall now seeks a COA to appeal the district court's order.

3

**Discussion**

Hall must obtain a COA to pursue an appeal. *See Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006) (holding a COA is required to appeal from the denial of a Rule 60(b) motion in a habeas case); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding a federal prisoner must obtain a COA to appeal the district court's dismissal of an unauthorized second or successive § 2255 motion for lack of jurisdiction); *see also* 28 U.S.C. § 2253(c)(1)(B). We liberally construe Hall's pro se opening brief and application for a COA. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). As pertinent here, to obtain a COA, Hall must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because he had filed a prior § 2255 motion, Hall was required to obtain authorization from this court before filing another § 2255 motion in district court. *See* § 2255(h). He could not avoid this requirement by calling his motion a Rule 60(b) motion—"It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). Regardless of how a movant characterizes a motion, it should be treated as a successive § 2255 motion if it "asserts or reasserts a federal basis for relief" from the underlying conviction. *Spitznas*, 464 F.3d at 1215. A "true" Rule 60(b) motion challenges either "a procedural ruling of the habeas court which precluded a merits determination of the" movant's § 2255 motion or "a defect in the integrity of the federal habeas proceeding." *Id.* at 1215-16.

4

Our review of Hall's motion supports the district court's conclusion that the claims alleging misconduct in his underlying criminal proceeding sought relief in the nature of a § 2255 motion. And because he did not obtain authorization to file his § 2255 motion, the district court did "not even have jurisdiction to deny the relief sought in the pleading." *Nelson*, 465 F.3d at 1148. Thus, no reasonable jurist could debate the court's decision to dismiss these portions of Hall's unauthorized § 2255 motion for lack of jurisdiction. *See id.* at 1148-49.

The portion of Hall's motion asserting that the prosecutor committed fraud on the court in the § 2255 proceeding is a true Rule 60 motion, but he raised the same issue in a prior Rule 60 motion, and we rejected it. *See Hall IV*, 737 F. App'x at 893. Accordingly, the district court's denial of relief on that basis is not debatable. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining that "a successive Rule 60(b) motion . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion").

## Conclusion

We deny Hall's application for a COA and dismiss this proceeding.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

5